**Johnny GRAVES, Petitioner–Appellant,**

v.

**James A. YATES, Warden; et al.,
Respondents–Appellees.**

No. 05–17455.

United States Court of Appeals,
Ninth Circuit.

Submitted April 16, 2007 *.

Filed April 20, 2007.

Before: O'SCANNLAIN, GRABER,
and CLIFTON, Circuit Judges.

MEMORANDUM **

Johnny Graves, a California state prisoner, appeals from the district court's judgment denying his 28 U.S.C. § 2254 petition challenging his conviction for assault with force likely to produce great bodily injury. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Graves contends that the admission of the victim's statements violated his rights under the Confrontation Clause, that the evidence was insufficient to support the conviction, and that the trial court's denial of his motions to substitute counsel violated his Sixth Amendment right to effective assistance of counsel. We disagree.

The record supports the California Court of Appeal's determination that the victim was unavailable to testify at trial and that his out-of-court statements bore sufficient indicia of reliability. *See Ohio v. Roberts,* 448 U.S. 56, 66, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980); *see cf. Whorton v. Bockting,* —— U.S. ——, 127 S.Ct. 1173, 167 L.Ed.2d 1 (2007) (holding that the new Confrontation Clause rule announced in *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), does not apply retroactively on collateral review). Further, the evidence was sufficient to support the conviction, *see Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), and the trial court properly determined that Graves' motions to substitute counsel were unfounded, *see Morris v. Slappy,* 461 U.S. 1, 13–14, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983); *LaGrand v. Stewart,* 133 F.3d 1253, 1276–77 (9th Cir.1998).

We conclude that the state court's decision was neither contrary to, nor an unreasonable application of, clearly established Supreme Court precedent, nor was it based on an unreasonable determination of the facts in light of the evidence presented in state court. *See* 28 U.S.C. § 2254(d)(1), (d)(2).

Graves' motion to expand the Certificate of Appealability is denied. *See* 9th Cir. R. 22–1(e); *Hiivala v. Wood,* 195 F.3d 1098, 1104–05 (9th Cir.1999) (per curiam).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.